FULMER, Judge.
Deaunte D. Register challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Register failed to present a facially sufficient claim, we affirm the trial court’s order.
*343 In his motion, Register alleged that the three-year mandatory minimum term of imprisonment for trafficking in cocaine was illegally imposed. Register based his claim on our opinion in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed, 821 So.2d 302 (Fla.2002). Taylor held that chapter 99-188, Laws of Florida, which provided for the imposition of the mandatory minimum prison sentences for certain drug offenses, is unconstitutional because it violates the single subject rule of the Florida Constitution. In denying Register’s motion, the trial court found that “[a]s of April 29, 2002, the Florida Legislature cured the single subject violation by re-enacting the provisions contained in Chapter 99-188 and providing for retroactive application to July 1, 1999.” However, in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003), this court has since held that the reenactment of the sentencing provisions of chapter 99-188 cannot be applied retroactively because this would violate the Ex Post Facto Clauses of the United States and Florida Constitutions.
If Register’s offense occurred within the Taylor window, he is entitled to be resen-tenced under the valid law in effect at the time of the offense. See Green, 839 So.2d 748. However, Register failed to present a facially sufficient claim for relief under rule 3.800(a) since he failed to affirmatively allege that he committed the offense on a date within the Taylor window. See Sims v. State, 838 So.2d 658 (Fla. 2d DCA 2003). We therefore affirm the order of the trial court without prejudice to any right Register might have to file a facially sufficient claim. See id.
Affirmed.
NORTHCUTT and STRINGER, JJ„ Concur.